# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BETTY ANANAYO,

    Defendant.

Case No. 6:24-cv-766-JSS-RMN

## **REPORT AND RECOMMENDATION**

This cause comes on for consideration without oral argument on the United States' Motion for Entry of Default Judgment (Dkt. 16), filed July 17, 2024 ("Motion"). This matter has been referred to me for issuance of a report and recommendation. Upon consideration, I respectfully recommend that the Court grant the Motion.

## I. BACKGROUND

On April 24, 2024, the United States instituted this action against Defendant Betty Ananayo, individually and as trustee of the BA Family Trust ("Ms. Ananayo"), to obtain a judgment for her unpaid federal income tax liability for the 2014 tax year and to declare a federal tax lien against the real property at located at 4840 Miramar Street, Cocoa, Florida 32927 ("Property"). Dkt. 1.

The United States alleges that, for tax year 2014, Ms. Ananayo filed an Amended U.S. Individual Tax Return ("Form 1040X"), which claimed a refund of $121,131 based on her falsely reporting $163,890 in additional income and withholdings supported by a Form 1099-MISC from Community Credit Union of Florida. Dkt. 1 ¶ 14. In 2016, the Internal Revenue Service ("IRS") issued Ms. Ananayo a refund based on her Form 1040X in the amount of $124,101.78. *Id.* ¶ 15. Then, Ms. Ananayo used the fraudulent refund to help pay off the remaining balance of her mortgage on the Property. *Id.* ¶¶ 16–18. Later, Ms. Ananayo created the BA Family Trust ("Trust") and transferred title to the Property to the Trust by quitclaim deed for consideration of ten dollars. *Id.* ¶ 19, 21.

After concluding Ms. Ananayo's Form 1099-MISC was false, the IRS made an assessment of federal income tax and assessed a frivolous tax return penalty against Ms. Ananayo. Dkt. 1 ¶ 27. Ms. Ananayo received notice and a demand for payment of the assessment from a delegate of the Secretary of the Treasury. *Id.* ¶ 28. As of July 2, 2024, Ms. Ananayo is still indebted to the United States in the amount of $209,744.35 plus interest. Dkt. 16 at 1. The United States seeks a monetary judgment for that amount. Dkt. 1 ¶ 1.

Along with the tax assessments, the Secretary of the Treasury filed Notices of Federal Tax Lien against Ms. Ananayo and the BA Family

Trust, as Alter Ego of Betty A. Ananayo in the public records of Brevard County, Florida. Dkt. 1 ¶ 33–35. The United States seeks a declaration that those federal tax liens attach to the Property. Dkt. 1 ¶ 1.

On May 17, 2024, Ms. Ananayo was served with the Complaint. Dkt. 11. Ms. Ananayo failed to timely respond and, as a result, the Clerk of Court entered default on June 12, 2024. Dkt. 15. The United States now moves for entry of final default judgment. Dkt. 16. The matter is ripe for review.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975).[1] If default judgment is warranted, then the Court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

### III.  ANALYSIS

#### A.  Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403. In pertinent part, 28 U.S.C. § 1340 provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." Additionally, 28 U.S.C. § 1345 confers "original jurisdiction of all civil actions, suits or proceedings commenced by the United States" to the district courts. As this is an action by the United States to reduce federal tax liabilities to judgment and declare a federal tax lien, the Court has subject matter jurisdiction. This Court has personal jurisdiction over Betty Ananayo, individually and as trustee of the BA Family Trust, because she is a resident of and domiciled in Florida. *See* Dkt. 1.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

### B. Entry of Default

The United States properly served Ms. Ananayo by personally serving her on May 17, 2024. Dkt. 11; Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031. Ms. Ananayo did not appear, and no responsive pleading has been filed. The Clerk entered a default on June 12, 2024. Dkt. 15.

### C. Liability

The United States' Complaint and Motion assert that it has established that the IRS has valid tax and penalty assessments against Ms. Ananayo (Count I) and that it has valid federal tax liens that attach to the Property (Count II). Dkt. 16 at 7. I address each count in turn.

#### 1. Count I – Reduce Federal Tax Liabilities to Judgment

In Count I, the United States seeks a judgment against Ms. Ananayo in the amount of $209,744.35—the unpaid balance of the tax assessments as of July 2, 2024—plus interest and statutory additions that continue to accrue. Dkt. 16 at 7–9. To reduce an assessment to judgment, the United States must first show that the assessment was proper. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). The submission of a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters establishes a presumption of a valid tax assessment. *Id.* Courts may also "rely on a revenue officer's sworn declaration as further evidence that a balance remains due under a tax assessment." *United States v.*

*Louisville*, No. 8:20-cv-559, 2021 WL 2580301, at *4 (M.D. Fla. Mar. 2, 2021), *report and recommendation adopted*, No. 8:20-cv-559, 2021 WL 2580211 (M.D. Fla. Mar. 24, 2021). After the Form 4340 and declarations are provided, "the taxpayer must then prove that the assessment is erroneous in order to prevail." *White*, 466 F.3d at 1248; *Louisville*, 2021 WL 2580301, at *4.

The United States has provided the Form 4340 for Ms. Ananayo. Dkt. 16-2. The Form 4340 identifies among other things, her social security number, that the tax liability relates to her Form 1040, the tax year, the dates and amounts of periodic assessments payments, credits, penalty, and accrued interest. *Id.* The United States also provided a declaration from a revenue officer (Dkt. 16-1, "Astarita Declaration"), an account transcript (Dkt. 16-3), and an interest computation table (Dkt. 16-4). The Astarita Declaration provides that Ms. Ananayo is neither a minor nor incompetent, and that a delegate of the Secretary of the Treasury properly gave notice to her of the tax assessments and made demand for payment. Dkt. 16-1 at 1, 4.

Based on the above information and Ms. Ananayo's failure to appear or otherwise defend, I find that the United States has shown that the tax assessments are entitled to the presumption of validity. *See White*, 466 F.3d at 1248; *United States v. Cornwell*, No. 6:18-cv-2194, 2020 WL

674092, at *11 (M.D. Fla. Feb. 11, 2020) (finding that defendant could not "overcome the presumption of correctness of the tax, penalties and interest against him" because he failed to appear or otherwise defend). Thus, the Form 4340 (Dkt. 16-2), the Astarita Declaration (Dkt. 16-1), the account transcript (Dkt. 16-3), and the interest computation table (Dkt. 16-4) establish the United States' entitlement to damages and a judgment against Ms. Ananayo in the amount of $209,744.35, plus interest and statutory additions until the judgment is satisfied. *United States v. McCullers*, No. 8:19-cv-1054, 2019 WL 7194741, at *3 (M.D. Fla. Oct. 29, 2019).

### 2. Count II – Declare that Federal Tax Liens Against Defendant Attach to the Property

In Count II, the United States seeks a declaratory judgment that its federal tax liens[2] against Ms. Ananayo attach to and are enforceable against the Property. Dkt. 16 at 9–14. The Property is titled in the name of the Trust—not Ms. Ananayo individually. *Id.* at 9; Dkt. 1 ¶ 21. The United States presents three theories on which the Property is subject to the tax liens: (1) the Trust is Ms. Ananayo's alter-ego; (2) the Trust holds bare legal title to the Property as Ms. Ananayo's nominee; or (3) the tax liens attach to the Property under Florida law. *See* Dkt. 16 at 9–14. As

---

[2] The tax liens are recorded at Book 7708/Page 1046, Book 7819/Page 2865, and Book 9296/Page 1411 of the public records of Brevard County Florida. Dkt. 1 ¶¶ 33, 34.

discussed below, I find the United States has established that the BA Family Trust is the alter-ego of Ms. Ananayo, and so my analysis starts and ends with that theory.[3]

When the IRS makes an assessment against a delinquent taxpayer, a tax lien arises in favor of the United States, which attaches to all property in which the taxpayer holds an interest. 26 U.S.C. §§ 6321, 6322. Property in the hands of a delinquent taxpayer's alter ego is subject to federal tax liens against the taxpayer's property and rights to property. *See G.M. Leasing v. United States*, 429 U.S. 338, 351 (1977) (explaining that "[i]f petitioner was [the delinquent taxpayer's] alter ego," it would "then follow that the Service could properly regard petitioner's assets as [the delinquent taxpayer's] property subject to the lien under § 6321, and the Service would be empowered, under § 6331, to levy upon assets held in petitioner's name in satisfaction of [the delinquent taxpayer's] income tax liability.") (citing *Griffiths v. Comm'r*, 308 U.S. 355 (1939), and *Higgins v. Smith*, 308 U.S. 473, 476 (1940)).

In this Circuit, state law governs the determination of alter-ego status in the world of federal tax liabilities. *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 861–62 (11th Cir. 2010). "Under Florida

---

[3] As the alter-ego finding is outcome determinative for liability on Count II and in the spirit of judicial economy, I will not discuss the two alternative theories proffered by the United States.

law, to succeed under the alter[-]ego doctrine and thus attach corporate assets to satisfy a debt owed, the plaintiff-creditor must establish that the defendant-debtor exerted a substantial degree of control over the corporation and used the corporate form fraudulently or for an improper purpose—namely, to avoid a pre-existing personal liability." *United States v. Wilkins*, No. 8:14-cv-993, 2019 WL 12518510, at *19 (M.D. Fla. Feb. 26, 2019) (collecting cases finding same).

The alter-ego determination is a legal conclusion, but the Complaint contains sufficient factual allegations to support such a finding. The United States alleges that Ms. Ananayo dominates and controls the Trust as (1) she is the only trustee and beneficiary, (2) the Trust does not impose any limitations on her use of the assets, (3) she is the only income source for the Trust, and (4) the Trust was created to avoid her tax liabilities. Dkt. 1 ¶ 36(a)–(h). Those allegations, taken as true, establish that the BA Family Trust is Ms. Ananayo's alter-ego. The tax liens against Ms. Ananayo for her 2014 income tax and penalty thus attach to and are enforceable against the Property.

\* \* \* \* \*

In sum, I respectfully recommend that the Court enter default judgment in favor of the United States and against Ms. Ananayo, and

declare that the Property titled to the BA Family Trust is subject to the tax liens against Ms. Ananayo.

## IV. CONCLUSION

Accordingly, I respectfully **RECOMMEND** that the Court:

1. **GRANT** the United States' Motion for Entry of Default Judgment (Dkt. 16);

2. **DIRECT** the Clerk to enter default judgment in favor of the United States and against Betty Ananayo, individually and as trustee of the BA Family Trust, in the amount of $209,744.35, plus interest and statutory additions until the judgment is satisfied;

3. **DECLARE** that the BA Family Trust is the alter-ego of Betty Ananayo and that the real property at located at 4840 Miramar Street, Cocoa, Florida 32927 titled to the BA Family Trust is subject to the tax liens against Betty Ananayo, which may be enforced through 26 U.S.C. § 7403(c); and

4. Once judgment is entered, **DIRECT** the Clerk to close this case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A

party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on November 26, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Julie S. Sneed

Counsel of Record