UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES,

    Plaintiff,

v.                                                             Case No: 6:24-cv-766-JSS-RMN

BETTY ANANAYO,

    Defendant.
_____/

**<u>ORDER</u>**

Because Defendant, Betty Ananayo, has not appeared in this case, the Clerk entered default against her under Federal Rule of Civil Procedure 55(a). (Dkt. 15.) Plaintiff, the United States, now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. 16.) The magistrate judge recommends granting the motion. (Dkt. 17.) No party has filed objections to the recommendation, and the time to do so has passed. Upon consideration, for the reasons outlined below, the court adopts the recommendation in full and grants the motion for default judgment.

After conducting a careful and complete review of the findings and recommendations made by a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72. A party must serve and file written objections to a magistrate judge's recommendation within fourteen days of being served with a copy of it, 28 U.S.C. § 636(b)(1)(C), and the failure to object in a timely fashion "waives the right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," 11th Cir. R. 3-1.  With respect to dispositive matters, the district judge must conduct a de novo review of any portion of the recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo.  *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Here, upon conducting a careful and complete review of the magistrate judge's recommendation and giving de novo review to matters of law, the court agrees with the recommendation in full.

Accordingly:

1. The magistrate judge's recommendation (Dkt. 17) is **ADOPTED**.
2. The motion for default judgment (Dkt. 16) is **GRANTED**.
3. The Clerk is **DIRECTED** to enter judgment in favor of the United States and against Betty Ananayo, individually and as trustee of the BA Family Trust, in the amount of $209,744.35, plus interest and statutory additions until the judgment is satisfied.
4. Further, it is **DECLARED** that the BA Family Trust is the alter ego of Betty

Ananayo and that the real property at located at 4840 Miramar Street, Cocoa, Florida 32927 titled to the BA Family Trust is subject to the tax liens against Betty Ananayo, which may be enforced through 26 U.S.C. § 7403(c).

5. Once judgment is entered, the Clerk is **DIRECTED** to terminate any pending deadlines and to close this case.

**ORDERED** in Orlando, Florida, on December 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties